**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RALPH MACHESKY, individually** | § | |
| **and on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED RECOVERY SYSTEMS, LP.,** | § | **COMPLAINT – CLASS ACTION** |
| | § | |
| **Defendant.** | § | |

## ORIGINAL CLASS ACTION COMPLAINT

### *Jury Trial Requested*

Plaintiff Ralph Machesky (hereinafter "Plaintiff") files this Original Class Action Complaint.  Plaintiff institutes this action in accordance with, and to remedy violations by, Defendant United Recovery Systems, LP of the Telephone Consumer Protection Act, 47 U.S.C.A. § 227 *et seq*. (hereinafter "TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 *et seq.* (hereinafter "FDCPA"); the Colorado Fair Debt Collection Practices Act, C.R.S.A. § 12-14-101 *et seq.* (hereinafter "CFDCPA"); and the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.001 *et seq*. (hereinafter "TDCA").  Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant United Recovery Systems, LP's unlawful conduct.

### I.  PARTIES

1.     Plaintiff Ralph Machesky is a natural person who resides in Littleton, Jefferson County, Colorado and is a "consumer" as defined by 15 U.S.C. § 1692(a)(3), C.R.S.A. § 12-14-103(4), and TEX. FIN. CODE § 392.001(1).

2.      United Recovery Systems, LP (hereinafter referred to as "Defendant") is a Texas limited partnership operating as a collection agency, and it is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), C.R.S.A. § 12-14-103(7), and TEX. FIN. CODE § 392.001(6).  Its principal place of business is 5600 North Course Drive, Houston, Texas 77072.  Defendant may be served by serving its registered agent for process, CT Corporations System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3.      All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## II.  JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  Plaintiff alleges several nationwide classes, which will result in at least one class member from each class belonging to a state different than the state in which the Defendant is deemed to reside. In addition, on information and belief, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, as each member of the proposed TCPA Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call made in violation of the TCPA.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 (hereinafter "CAFA") are present, and this Court has jurisdiction over this matter.

5.      Pursuant to 28 U.S.C.A. § 1367, Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6.      Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District

by and through the collection of consumer debts in this State and District; (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District; and (iv) the Defendant's principal place of business is in this state.

### III.  THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*

7.      In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e). "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).  Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages."  *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted).  "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

## IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
### ("TCPA"), 47 U.S.C. § 227

8.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §

227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain

telemarketing practices.

9.     The TCPA regulates, among other things, the use of automated telephone dialing

equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits

the use of autodialers to make any call to a wireless number in the absence of an emergency or the

prior express consent of the called party.[2]

10.     According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls are

prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used.[3]

11.     The Federal Communications Commission has defined a "predictive dialer" as:

   a.     equipment that dials numbers and, when certain computer software is
          attached, also assists telemarketers in predicting when a sales agent will
          be available to take calls.  The hardware, when paired with certain
          software, has the capacity to store or produce numbers and dial those
          numbers at random, in sequential order, or from a database of numbers
          . . . [i]n most cases, telemarketers program the numbers to be called into

---

[1]  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §
227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2]  47 U.S.C. § 227(b)(1)(A)(iii).

[3]  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278,
Report and Order, 18 FCC Rcd 14014 (2003).

the equipment, and the dealer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.[4]

12.     Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."[5]

## V.  FACTS RELATED SPECIFICALLY TO NAMED PLAINTIFF RALPH MACHESKY

13.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to The Home Depot (the "Creditor").  Debt is a "debt" as that term is defined by 15 U.S.C. § 1692(a)(6) and TEX. FIN. CODE § 392.001(2).

14.     The Debt arose from goods provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692(a)(5), C.R.S.A. § 12-14-103(6), and TEX. FIN. CODE § 392.001(2).

15.     The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

16.     On or about March 10, 2015, Defendant contacted Plaintiff in an attempt to collect the Debt.  Specifically, in a letter dated March 10, 2015, Defendant notified Plaintiff that Plaintiff's debt had been assigned to Defendant because of a delay in payment.  Said letter is attached hereto as Exhibit A.

17.     In sending this letter, Defendant engaged in "communications" as defined by 15 U.S.C. § 1692(a)(2) and C.R.S.A. § 12-14-103(3) and "debt collection" as defined by TEX. FIN. CODE § 392.001(5).

---

[4]   2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

[5]   *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, *citing to* 2003 TCPA Order, 18 FCC Rcd at 14093, para. 133.

18.     On or about March 10, 2015, Defendant began making calls to Plaintiff's home and cellular telephone numbers.  Each of these calls constituted a "communication" as defined by 15 U.S.C. § 1692a(2) and C.R.S.A. § 12-14-103(3) and "debt collection" as defined by TEX. FIN. CODE § 392.001(5).   While making these calls, Defendant would broadcast various caller identifications including United Recovery, Advanta Technolog, Novolinktest, and James A. West PC in spite of the fact that each call was actually being made by Defendant United Recovery Systems.

19.     By way of example of the aforementioned, on Monday, March 16, Defendant United Recovery called the Plaintiff's home telephone broadcasting a caller identification that the call was from United Recovery:



At the time of this call from Defendant United Recovery, the following recorded message was left for the Plaintiff on his home telephone answering machine:

> Hello, this message is from Sherika Love with United Recovery Systems.  This call is from a debt collector.  Please call 866-582-4085 extension 9447.  Thank you.[6]

The very next day, on Tuesday, March 17, 2015, Defendant United Recovery called the Plaintiff's home telephone number broadcasting a caller identification that the call was James A. West PC:

---

[6] Plaintiff has this voice mail recorded and will produce said voice mail in discovery in this litigation.



At the time of this call purported from James A. West PC, the exact same recorded message from United Recovery Systems call the previous day was left for the Plaintiff on his home telephone answering machine:

> Hello, this message is from Sherika Love with United Recovery Systems.  This call is from a debt collector.  Please call 866-582-4085 extension 9447.  Thank you.[7]

Over the course of an approximately three-week period, Defendant made multiple calls to Plaintiff's home and cellular telephone number broadcasting different caller identifications, in spite of the fact that each of the calls were from Defendant United Recovery Systems.

20.     James A West is an attorney licensed by the State Bar of Texas and, upon information and belief, operates a law firm under the assumed name of James A. West PC based in Houston, Texas.

21.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.  This specifically includes a prohibition against using the false representation or implication that any individual is an attorney or that any communication is from an attorney; a prohibition against using the false representation or deceptive means to collect or attempt to collect any debt or to obtain

---

[7] Plaintiff has this voice mail recorded and will produce said voice mail in discovery in this litigation.

information concerning a consumer; and a prohibition against the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

22.     TEX. FIN. CODE §§ 392.304(a)(1(A), (4), (16), (17), & (19) and C.R.S.A. § 12-14-107 prohibit a debt collector from using a fraudulent, deceptive or misleading representation that employs the use of a name other than the true business or professional name of the debt collector while engaged in debt collections; failing to clearly disclose in any communication with the debtor the name of the person to whom the debt has been assigned when making a demand for money; using a communication that purports to be from an attorney or law firm if it is not; representing that a consumer debt is being collected by an attorney if it is not; or using any false representation or deceptive means to collect a debt.

23.     Plaintiff entered into a contract with The Home Depot for a revolving credit account.  At the time of that contract, Plaintiff did not have the cellular telephone that he uses today and was using in March of 2015 when Defendant was attempting to contact Plaintiff on his cellular telephone.  In fact, prior to the collection calls from Defendant, Plaintiff had never provided his current cellular telephone number to The Home Depot or to Defendant.

24.     In March of 2015, Defendant began using an automated dialing system to repeatedly call the Plaintiff's cellular telephone number without express consent.  Plaintiff did not have his current cellular telephone number at the time the initial contract with the Creditor was created, so it was impossible for the Plaintiff to have granted consent to the Creditor and/or the Defendant to be contacted on his cellular telephone by and through the use of Defendant's automated telephone dialing system.  Defendant's automated telephone dialing system made calls

to the Plaintiff's cellular telephone number on numerous and repeated occasions including, but not limited to, the following:[8]

      a.   03/10/15 12:16 PM

      b.   03/11/15 01:55 PM

      c.   03/12/15 09:32 AM

      d.   03/12/15 12:30 PM

      e.   03/13/15 08:03 AM

      f.   03/13/15 08:24 AM

      g.   03/16/15 01:40 PM

      h.   03/16/15 01:43 PM

      i.   03/16/15 05:15 PM

      j.   03/17/15 03:20 PM

      k.   03/18/15 11:36 AM

      l.   03/19/15 09:50 AM

      m.   03/19/15 12:43 PM

      n.   03/19/15 12:47 PM

      o.   03/20/15 03:07 PM

      p.   03/21/15 09:30 AM

      q.   03/21/15 09:37 AM

      r.   03/23/15 12:30 PM

      s.   03/24/15 04:47 PM

      t.   03/25/15 01:54 PM

---

[8] Each of the following times are listed in Mountain Standard Time; Plaintiff has "screen shots" of each of these calls that will be produced in discovery in this matter.

**ORIGINAL CLASS ACTION COMPLAINT**                             **PAGE 9**

u.  03/26/15 02:47 PM

v.  03/26/15 09:49 AM

w.  03/27/15 02:34 PM

x.  03/27/15 10:16 AM

y.  03/30/15 02:42 PM

z.  03/30/15 06:20 PM

aa. 03/31/15 09:54 AM

25.     47 U.S.C. § 227(b)(1) prohibits the use of automated telephone dialing systems for non-emergency purposes to make a call to any telephone number assigned to a cellular telephone service.

26.     On each of the aforementioned dates and times and, upon information and belief, other times as well, Defendant contacted Plaintiff on Plaintiff's cellular telephone service by using an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

27.     The telephone number Defendant called was assigned to a cellular telephone service.

28.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

29.     Defendant placed the telephone calls to Plaintiff's cellular telephone service through use of an automated telephone dialing system in violation of 47 U.S.C. § 227(b)(1)

30.     Defendant willfully or knowingly placed the telephone calls to Plaintiff's cellular telephone service through use of an automated telephone dialing system in violation of 47 U.S.C. § 227(b)(3)(c).

31.     The above unlawful practices are Defendant's routine procedures for collecting consumer debts.

**ORIGINAL CLASS ACTION COMPLAINT**                                        **PAGE 10**

32.    The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## V.  CLASS ALLEGATIONS

33.    This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

a.    TCPA Class: All persons who reside within the United States and who were called by United Recovery Systems, LP from March 8, 2012 though the present, in an attempt to collect a debt, using an automatic telephone dialing system, where the call was placed to the person's cellular telephone number that United Recovery Systems, LP did not obtain either from a creditor or directly from the person himself or herself.

b.    FDCPA Class: All persons who reside in the United States and from whom, on or after March 8, 2015 United Recovery Systems, LP sought to collect, or did collect, a consumer debt and to whom United Recovery Systems, LP placed a telephone call.

c.    TDCA Class: All persons who reside within the United States and who were called by United Recovery Systems, LP from March 8, 2014 through the present.

d.    CFDCPA Class: All persons who reside within the state of Colorado and who were called by United Recovery Systems, LP from March 8, 2015 through the present.

Excluded from each of the above Classes are all employees, including, but not limited to, Judges, clerks and court staff and personnel, of the United States District Court, their spouses, and any minor children living in their households.  Also excluded are employees of Defendant, their spouses, and any minor children living in their households.  Also excluded are Class counsel and their employees, their spouses, and any minor children living in their households

34.    The unlawful actions of Defendant entitle Plaintiff and Class members to actual and statutory damages and statutory penalties.

35.    The members of each of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact numbers of each of the Classes are unknown to Plaintiff.  However, the numbers of the Class Members of each of the

Classes are reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

36.     Plaintiff will fairly and adequately protect the interests of each of the Classes and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law.  Plaintiff understands and appreciates his duties to each of the Classes under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent members of each of the Classes.

37.     Plaintiff is asserting claims that are typical of the claims of each member of each of the Classes he seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from the Plaintiff in the same manner as those in each of the Classes he seeks to represent.  All claims alleged on behalf of each of the Classes flow from this conduct.  Further, there is no conflict between Plaintiff and the members of each of the Classes with respect to this action.

38.     There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all members of each of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of each of the Classes. Issues of law and fact common to members of the FDCPA class include, but are not limited to, the following:

    a.     Whether Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act;

    b.     Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(e);

    c.     Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(e)(3);

    d.     Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(e)(10);

e.      Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692(e)(14);

f.      Whether Defendant is liable for damages and the amount of such damages; and

g.      Whether Defendant should be enjoined from engaging in such conduct in the future.

Issues of law and fact common to members of the CFDCPA class include, but are not limited to, the following:

a.      Whether Defendant is a "debt collector" as that term is defined by the Colorado Fair Debt Collection Practices Act;

b.      Whether Defendant's actions constitute a violation of C.R.S.A. § 12-14-106;

c.      Whether Defendant's actions constitute a violation of C.R.S.A. § 12-14-107;

d.      Whether Defendant's actions constitute a violation of C.R.S.A. § 12-14-108;

e.      Whether Defendant is liable for damages and the amount of such damages; and

f.      Whether Defendant should be enjoined from engaging in such conduct in the future

Issues of law and fact common to members of the TDCA class include, but are not limited to, the following:

g.      Whether Defendant is a "debt collector" as that term is defined by the Texas Debt Collection Practices Act;

h.      Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.304(a)(1)(A);

i.      Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.304(4);

j.      Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.304(16);

k.      Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.304(17);

l.      Whether Defendant's actions constitute a violation of TEX. FIN. CODE § 392.304(19);

    m.     Whether Defendant is liable for damages and the amount of such damages; and

    n.     Whether Defendant should be enjoined from engaging in such conduct in the future

Issues of law and fact common to members of the TCPA class include, but are not limited to, the following:

    a.     Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

    b.     Whether such practice violates the TCPA;

    c.     Whether Defendant's conduct was knowing and willful;

    d.     Which services or processes Defendant employed to obtain class members' cellular telephone numbers;

    e.     Which technologies or services were available to Defendant to enable it to differentiate between wireless numbers and wireline numbers;

    f.     Whether Defendant is liable for damages and the amount of such damages; and

    g.     Whether Defendant should be enjoined from engaging in such conduct in the future.

39.     The relief sought by members of each of the classes is common to the entirety of each respective class.

40.     Defendant has acted on grounds generally applicable to each member of each of the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole.

41.     This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

42.     For each of the Classes, this action is properly maintained as a class action in that the prosecution of separate actions by individual members of the Class would create a risk of

adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

43.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

a.     significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

b.     the size of the individual damages claims of most members of the Classes is too small to make individual litigation an economically viable alternative, such that few members of any of the Classes have any interest in individually controlling the prosecution of a separate action;

c.     without the representation provided by Plaintiff herein, few, if any, members of any of the Classes will receive legal representation or redress for their injuries;

d.     class treatment is required for optimal deterrence;

e.     despite the relatively small size of the claims of many individual members of the Classes, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

f.     no unusual difficulties are likely to be encountered in the management of this class action;

g.     absent a class action, Defendant's illegal conduct will go unremedied and uncorrected; and

h.     absent a class action, the members of the Classes will not receive compensation, and will continue to be subjected to Defendant's illegal conduct.

44.     Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of each of the Classes, and result in judicial consistency.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

45.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

46.    The acts of Defendant constitute violations of the FDCPA.  *See* 15 U.S.C. § 1692 *et seq.*

47.    Defendant is a debt collector as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

48.    Plaintiff is a consumer as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

49.    The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(5).

50.    The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and misleading representations in connection with the collection of a debt by broadcasting false caller identifications purporting to show that the calls were not from Defendant and/or that the calls were from a law firm and/or some other entity.

51.    The Defendant's conduct violated 15 U.S.C. § 1692e(3) in that Defendant's conduct in broadcasting the caller identification that its calls were from James A West PC gave the false representation or implication that the calls were from an attorney.

52.    The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant used false, deceptive and misleading representations in connection with the collection of a debt by broadcasting false caller identifications purporting to show that the calls were not from Defendant and/or that the calls were from a law firm and/or some other entity.

53.    The Defendant's conduct violated 15 U.S.C. § 1692e(14) in that Defendant used the name of a business, company, or organization other than the true name of the debt collector's business when broadcasting a caller ID of James A. West PC, Advanta Technol, and Novolinktest.

54.     As a result of Defendant's violations of 15 U.S.C. § 1692 *et seq.*, Plaintiff and FDCPA Class members are entitled to statutory damages.

55.     Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

## COUNT TWO
## VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

56.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

57.     The acts of Defendant constitute violations of the CFDCPA. *See* C.R.S.A. § 12-14-101 *et seq.*

58.     Defendant is a "debt collector" as defined by the CFDCPA. *See* C.R.S.A. § 12-14-103(7).

59.     Plaintiff is a "consumer" as defined by the CFDCPA. *See* C.R.S.A. § 12-14-103(4).

60.     The debt that Defendant sought to collect was a debt as defined by the CFDCPA. *See* C.R.S.A. § 12-14-103(6).

61.     The CFDCPA prohibits a debt collector from using fraudulent, deceptive, or misleading representations including using a name other than the true business or professional name of the debt collector while engaged in debt collection. C.R.S.A. § 12-14-107. By broadcasting a caller identification during collection calls that was anything other than United Recovery Systems, Defendant employed a fraudulent, deceptive, and misleading debt collection tactic in violation of this section of the Colorado Fair Debt Collection Practices Act. *See Id.*

62.     As a result of Defendant's violations of the CFDCPA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendant to prevent or restrain further violations. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT THREE
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

63.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

64.     The acts of Defendant constitute violations of the TDCA.  *See* TEX. FIN. CODE § 392.001 *et seq.*

65.     Defendant is a "debt collector" as defined by the TDCA.  *See* TEX. FIN. CODE § 392.001(6).

66.     Plaintiff is a "consumer" as defined by the TDCA.  *See* TEX. FIN. CODE § 392.001(1).

67.     The debt that Defendant sought to collect was a debt as defined by the TDCA.  *See* TEX. FIN. CODE § 392.001(2).

68.     The TDCA prohibits a debt collector from using fraudulent, deceptive, or misleading representations including using a name other than the true business or professional name of the debt collector while engaged in debt collection.  TEX. FIN. CODE § 392.304(1)(A).  By broadcasting a caller identification during collection calls that was anything other than United Recovery Systems, Defendant employed a fraudulent, deceptive, and misleading debt collection tactic in violation of this section of the Texas Finance Code.  *See Id.*

69.     The TDCA prohibits a debt collector from failing to disclose clearly in any communication with a debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money.  TEX. FIN. CODE § 392.304(4).  By broadcasting a caller identification during collection calls that was anything other than United Recovery Systems, Defendant failed to disclose clearly in a communication with the debtor the name to whom the

debt had been assigned when making a demand for money in violation of this section of the Texas Finance Code.  *See Id.*

70.     The TDCA prohibits a debt collector from using a communication that purports to be from an attorney or law firm when it is not from an attorney or law firm.  TEX. FIN. CODE § 392.304(16).  By broadcasting a caller identification during collection calls that misrepresented that the call was from James A West PC when the call was, in fact, from United Recovery Systems, Defendant used a communication that purported to be from an attorney or law firm when it was not from an attorney or law firm in violation of this section of the Texas Finance Code.  *See Id.*

71.     The TDCA prohibits a debt collector from representing that a consumer debt is being collected by an attorney if it is not being collected by an attorney.  TEX. FIN. CODE § 392.304(17).  By broadcasting a caller identification during collection calls that misrepresented that the call was from James A West PC when the call was, in fact, from United Recovery Systems, Defendant misrepresented that an attorney was collecting Plaintiff's debt when, in fact, an attorney was not collecting Plaintiff's debt in violation of this section of the Texas Finance Code.  *See id.*

72.     The TDCA prohibits a debt collector from using false representations or deceptive means to collect a debt.  TEX. FIN. CODE § 392.304(19).  By broadcasting a caller identification during collection calls that was anything other than United Recovery Systems, Defendant employed false representations or deceptive means to collect a debt in violation of this section of the Texas Finance Code.  *See id.*

73.     As a result of Defendant's violations of the TDCA, Plaintiff and Class Members are entitled to and do seek an injunction against Defendant to prevent or restrain further violations.[9]

---

[9] Texas Finance Code § 392.403(1).

74.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT FOUR
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227 *ET SEQ.*

75.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

76.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system."  TCPA § 227(b)(A)(iii).

77.     Defendant made telephone calls to plaintiff's cell phone using an automatic telephone dialing service without consent which was prohibited by the TCPA.

78.     Defendant negligently disregarded the TCPA in using automated telephone dialing equipment to call Plaintiff's and the class' cellular telephones without express consent.

79.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

80.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT FIVE
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C.A. § 227 *ET SEQ.*

81.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

82.     Defendant knowingly and/or willfully disregarded the TCPA by using automated telephone dialing equipment to call Plaintiff's and the class' cellular telephone without express consent.

83.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

84.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each member of the TCPA Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute as provided by 47 U.S.C. § 227(b)(3).

## VICARIOUS LIABILITY

85.     At all times relevant hereto, the individual debt collectors who contacted, attempted to contact, controlled or programmed Defendant's automatic telephone dialing system and/or attempted to communicate with Plaintiff and the Class Members, were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the TCPA, the FDCPA, and the TDCA and proximately caused damages to Plaintiff and Class Members as described herein.

## JURY REQUEST

Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

a)   Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

b) Declaring:

    a.  Defendant's actions violated the FDCPA;

    b.  Defendant's actions violated the CFDCPA;

    c.  Defendant's actions violated the TDCA;

    d.  Defendant's actions violated the TCPA;

c) Enjoin Defendant from committing further violations of the TDCA, the FDCPA, the CFDCPA, and the TCPA;

d) Awarding Plaintiff and Class Members statutory damages and penalties under the FDCPA and the TCPA, including treble damages under 47 U.S.C.A. § 227(b)(3);

e) Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs; and

f) Granting such other relief that equity and the law deems appropriate.

Dated:  March 7, 2016                Respectfully submitted,

                                     By: /s/ Walt D. Roper
                                     THE ROPER FIRM, P.C.
                                     Walt D. Roper
                                     State Bar No. 00786208
                                     3001 Knox Street
                                     Suite 405
                                     Dallas, Texas 75205
                                     214.420.4520
                                     214.856.8480 - Facsimile
                                     walt@roperfirm.com

                                     **ATTORNEY FOR PLAINTIFF**