United States District Court
Southern District of Texas
**ENTERED**
December 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH MACHESKY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-596 |
| | § | |
| UNITED RECOVERY SYSTEMS, LP, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Motion to Compel Arbitration (Doc. #37), Defendant's Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, Stay Pending Arbitration (Doc. #38), Plaintiff's Response to Defendant United Recover Systems, LP.'s Motion to Compel Arbitration (Doc. #42), and Defendant's Reply in Support of Alltran's Motion to Compel Arbitration.[1] After considering counsels' arguments and the applicable legal authority, this Court grants Defendant's Motion to Compel Arbitration.

Plaintiff received a Home Depot credit card issued by Citibank. The credit card was governed by a card agreement (the "agreement") that Plaintiff agreed to when registering for the card. The card agreement contained an arbitration provision covering "all claims" relating to an account that is in dispute. "All claims" is defined to include claims against: (1) "anyone connected with" Citibank (2) Citibank's "agents," and (3) Citibank's "representatives." The card also waved the right to a class action lawsuit. On or around March 2015, the account had an outstanding balance of over $19,600.

Plaintiff has brought the current lawsuit based on Defendant's efforts to collect the

---

[1] United Recovery Systems, LP, is currently known as Alltran Fiancial, LP. (Doc. #37)

1

outstanding balance on the account. Defendant was acting as an agent or representative of Citibank and was attempting to collect the debt currently owed. In an attempt to do so, Defendant allegedly called Plaintiff's home and cell phone sometime in 2015. Plaintiff brought this lawsuit alleging violations of the Fair Debt Collection Practice Act and the Telephone Consumer Protection Act, amongst others. Defendant is now seeking to invoke the arbitration clause contained in the card agreement.

The arbitration clause in this case is a broad one that is "governed by the Federal Arbitration Act" (the "FAA"). Doc. 38, Ex. A. The FAA provides that any agreement to arbitrate "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of such contract." 9 US.C. § 2. The Supreme Court has held that the FAA embodies a "liberal federal policy favoring arbitration agreements . . ." *Green Tree Fin. Corp.- Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Where the arbitration clause is broad, it is only necessary that the dispute touch matters covered by the agreement to arbitrate. *Penzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1068 (5th Cir. 1998). Further, the 7th Circuit has held that "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *United Steel, Paper & Forestry, Rubber, Mfg., Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp.* 531 F.3d 531, 536 (7th Cir. 2008).

On a motion to compel arbitration pursuant to the FAA, a court considers whether: (1) the plaintiff agreed to an enforceable arbitration agreement, (2) the claims are within the scope of the arbitration agreement, and (3) state or federal law provides a valid defense to arbitration. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). In this case, elements 1 and 2 allow for no argument as Plaintiff has agreed to a broad arbitration agreement. Lastly, Plaintiff has raised no valid defense to the arbitration agreement.

Plaintiff argues that Defendant has waived its right to arbitration by "substantially invok[ing] the judicial process to the detriment or prejudice of the other party." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004). It is Plaintiff's contention that because Defendant has engaged in litigation in front of this Court for approximately 6 months, the Defendant has substantially invoked the litigation process.

Problematic with Plaintiff's argument is that this Court does not have the jurisdiction to determine how broad the arbitration clause is or whether its authority has ceased to operate. In *BG Grp., PLC v. Republic of Argentina*, 134 S. Ct. 1198 (2014), the Supreme Court held that "claims regarding the application, enforceability, or interpretation of . . . this arbitration provision" are to be decided in the arbitration. However, the Court does note that the arbitration provision in the Agreement states that no "portion of the arbitration provision may be . . . waived absent a written agreement." Thus, interpreting the plain language of the Agreement, there has been no waiver as there is no evidence of a written waiver agreement.

Accordingly, because there is a valid and enforceable arbitration provision, and because no successful defense has been raised by Plaintiff, Defendant's Motion to Compel Arbitration is GRANTED. And, according to the Fifth Circuit's holding in *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), the case is hereby DISMISSED WITH PREJUDICE.

It is so ORDERED.

DEC 2 3 2016
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

3